IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS HAWKINS,

                Petitioner,                      ORDER

      v.                                        3:08-cv-226-bbc

GREG GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

      Marcus Hawkins, an inmate at the Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Petitioner is challenging his conviction in the Circuit Court for Milwaukee County for armed burglary, two counts of first degree sexual assault and two counts of false imprisonment. He contends that the 124-year combined sentence he received was unlawful because the criminal complaint did not specify that the court could impose consecutive sentences, the sentence was excessive and plea bargaining is unconstitutional.

      To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 254(a). If it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without reviewing the record at all, if it determines that the petition "raises a legal theory that is indisputably without merit." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

Such is the case with the instant petition. As the legal basis for his first claim, petitioner cites Wis. Stat. § 970.02(a), which provides that a criminal complaint "shall contain the possible penalties for the offenses set forth therein." As a general matter, state law violations cannot form the basis for the granting of federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In any case, nothing in the statutory language provides that the complaint must specify that court is allowed to impose consecutive sentences. Further, even if the complaint were defective, petitioner waived his right to challenge it when he entered a guilty plea. State v. Aniton, 183 Wis. 2d 125, 129 (Ct. App. 1994) (knowing and voluntary guilty plea waives all nonjurisdictional defects and defenses, including alleged violations of constitutional rights prior to plea). Petitioner's suggestion that the court lacked jurisdiction because of the alleged defects in the complaint is incorrect. United States v. Cotton, 535 U.S. 625, 630-31 (2002) ("defects in an indictment do *not* deprive a court of its power to adjudicate a case") (emphasis added). Finally, petitioner does not allege in his petition that he was not informed at some point before entering his plea

that he could receive consecutive sentences.  For all these reasons, petitioner's first claim has no merit.

Petitioner contends that his plea was not entered knowingly or voluntarily because he was induced into entering it by promises the state made pursuant to a plea agreement. Apart from the terms of the plea agreement, petitioner has not alleged any facts to suggest that he was coerced or threatened into entering the agreement or that he was misinformed about the consequences of his plea.  Contrary to petitioner's contention, the mere fact that he entered his plea pursuant to an agreement with the state does not make it involuntary or invalid.  Plea bargaining is constitutional.  <u>Santobello v. New York</u>, 404 U.S. 257, 260 (1971) (describing plea bargaining as "essential component of the administration of justice"); <u>Brady v. United States</u>, 397 U.S. 742, 751-52 (1970).

Finally, petitioner contends that the court imposed an excessive sentence when it sentenced him to the maximum penalty on each count and ordered the sentences to run consecutively, for a combined sentence of 124 years.  Although petitioner did not identify in his petition the date of his conviction, he indicates in his supporting brief that he entered a guilty plea pursuant to a plea agreement on or about November 6, 1996.  This comports with information available electronically from the Wisconsin Circuit Court Access website, http://wcca.wicourts.gov, which shows that judgment was entered against petitioner on December 12, 1996 in Milwaukee County case 1996CF963856.  Because petitioner's crimes were committed before December 31, 1999, the date on which the first of Wisconsin's two

truth-in-sentencing acts went into effect, he was sentenced under the old, indeterminate sentencing scheme. State v. Trujillo, 279 Wis. 2d 712, 694 N.W. 2d 933 (explaining history of Wisconsin's shift from indeterminate to determinate sentences). Under this scheme, petitioner is entitled to release after serving two-thirds of his sentence. Wis. Stat. § 302.11(1). Further, he is eligible for parole after serving one-fourth of his sentence. Wis. Stat. § 304.06(1)(b). Thus, the actual time petitioner will have to serve in prison pursuant to the court's 124-year sentence will be between 31 and 82 years.

Petitioner argues that his sentence is unconstitutional because it interferes with one of the purposes of punishment, which is to rehabilitate the offender. However, "the Eighth Amendment does not mandate adoption of any one penological theory." Harmelin v. Michigan, 501 U.S. 957, 999 (1991) (Kennedy, J., concurring in part and concurring with judgment). A sentence of years violates the Eighth Amendment's prohibition on cruel and unusual punishment only if it is "grossly disproportionate" to the crime. Id. at 1001. However, it is only in the "exceedingly rare" and "extreme" case that a non-capital sentence will be so disproportionate to the offense for which it is imposed that it violates the Constitution. Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quotations omitted).

Although petitioner has not supplied details about his crimes, I am confident that his is not one of those exceedingly rare cases that violates the narrow proportionality principle encompassed within the cruel and unusual punishments clause. His crimes—armed burglary, first degree sexual assault and false imprisonment— were violent and very serious. Cf. Solem

4

v. Helm, 463 U.S. 277, 296 (1983) (describing crime of uttering no account check as one of "most passive felonies a person could commit" because it "involved neither violence nor threat of violence to any person"); Harmelin, 501 U.S. at 961-62 (upholding life sentence without possibility of parole for possession of more than 650 grams of cocaine); Hutto v. Davis, 454 U.S. 370, 371, 375 (1982) (upholding forty-year sentence for possession and distribution of nine ounces of marijuana).  Further, petitioner had two prior convictions for armed robbery, also violent offenses.  Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Milwaukee County Case Number 1993CF943047 (visited June 23, 2008).  "[A] State is justified in punishing a recidivist more severely than it punishes a first offender."  Solem, 463 U.S. at 296.  Finally, petitioner's eligibility for parole after serving one-fourth of his sentence is a factor militating against the finding that his punishment is so grossly disproportionate to his offenses as to be cruel and unusual.  Rummel v. Estelle, 445 U.S. 263, 280-81 (1980) (proper assessment of constitutionality of life sentence imposed under Texas recidivist statute upon defendant's third felony conviction "could hardly ignore the possibility that [Rummel] will not actually be imprisoned for the rest of his life" where record indicated that defendant would be eligible for parole in approximately 12 years).  This is simply not one of those rare cases in which the court should interfere with the legislature's discretion in deciding what punishment is appropriate.

ORDER

IT IS ORDERED that the petition of Marcus D. Hawkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 25th day of June, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge